IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ME2 PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JAMES BROWER, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:17-cv-00200-DN<br><br>District Judge David Nuffer |

Plaintiff ME2 Productions, Inc. filed a motion for entry of default judgment, a permanent injunction, and an award of attorney's fees against Defendants Angela Rivera ("Rivera"), Stephanie Washington ("Washington"), and James Brower ("Brower") (the "Motion").[1] Specifically, Plaintiff seeks an award of $10,000 in statutory damages against each Defendant; a permanent injunction enjoining each Defendant from directly or indirectly infringing Plaintiff's copyright in the motion picture *Mechanic: Resurrection*; and an award of costs and attorney's fees.[2]

An order granting the Motion as to Rivera and Washington was previously entered.[3] The motion was denied without prejudice as to Brower because the Clerk's Entry of Default Certificate that was mailed to him was returned as undeliverable.[4] Plaintiff was instructed in the

---

[1] Plaintiff's Motion for Default Judgment, Permanent Injunction and Attorney's Fees as to Certain Defendants ("Motion"), docket no. 74, filed August 6, 2020.

[2] *Id.* at 2.

[3] Memorandum Decision and Order Granting in Part and Denying in Part Motion for Default Judgment, docket no. 79, filed Dec. 4, 2020.

[4] *Id.*

order to verify a current address for Brower and file a Notice of Change of Address on or before December 17, 2020.[5] Plaintiff did not file a Notice of Change of Address by the identified date.

The Court has reconsidered the portion of the December 4 Order requiring Plaintiff to find Brower's new address. It is not Plaintiff's burden to update a defendant's address whenever that party moves. Brower was served with the complaint, failed to appear and respond, and default has entered. Brower, having been properly served, cannot escape entry of default judgment by moving.

Plaintiff's counsel in this case is the same as the plaintiff's counsel in *LHF Productions, Inc. v. Gonzales et al.*, No. 2:17-cv-00103-DN (D. Utah). A complaint[6] and motion for default judgment[7] were filed in *Gonzales*, which are substantively identical to those filed in this case.[8] The only relevant differences are: the named Plaintiff; the copyrighted work; the named Defendants; and the Defendants against whom default judgment is sought.

On October 28, 2020, a Memorandum Decision and Order Granting in Part and Denying in Part Motion for Default Judgment was entered in *Gonzales* ("*Gonzales* Memorandum Decision and Order").[9] Because this case and *Gonzales* are substantively identical, the *Gonzales* Memorandum Decisions and Order's analysis, findings of fact, and conclusions of law[10] are adopted in total and apply to Plaintiff's Motion in this case.

---

[5] *Id*.

[6] Amended Complaint for Copyright Infringement and Jury Demand, ECF No. 81 in *Gonzales*, filed June 20, 2019.

[7] Plaintiff's Motion for Default Judgment Permanent Injunction and Attorney's Fees as to Certain Defendants, ECF No. 96, filed June 29, 2020.

[8] Amended Complaint for Copyright Infringement and Jury Demand, docket no. 68, filed June 17, 2019; Motion, docket no. 74, filed August 6, 2020.

[9] ECF No. 101 in *Gonzales*, filed Oct. 28, 2020 ("*Gonzales* Memorandum Decision and Order").

[10] *Id*. at 2-25.

Brower was served[11] with Plaintiff's Complaint; failed to timely appear and respond; and the Clerk has entered his default.[12] Additionally, the factual allegations of Plaintiff's Complaint, which are deemed admitted,[13] demonstrate that Brower is liable for willfully infringing[14] Plaintiff's copyright in the motion picture *Mechanic: Resurrection* through use of BitTorrent protocols over the Internet.

Therefore, Plaintiff is entitled to entry of a default judgment against Brower, which includes an award of statutory damages[15] and a permanent injunction[16] enjoining Brower from directly or indirectly infringing Plaintiff's copyright. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees.[17] But because an award of $750 in statutory damages against Brower is just under the circumstances,[18] rather than the $10,000 requested, Plaintiff's Motion[19] is GRANTED in part and DENIED in part as to Brower.

This Order does not modify the December 4 Order, other than as stated above.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[20] is GRANTED in part and DENIED in part.

---

[11] Affidavit of Service, docket no. 70, filed June 9, 2020.

[12] Entry of Default Pursuant to FRCP 55(a) as to Certain Defendants, docket no. 73, filed July 31, 2020. The certificate of default for Defendant James Brower was mailed to him and returned as undeliverable.

[13] *Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016).

[14] 17 U.S.C. §§ 411(a), 501; *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177-1180 (10th Cir. 2009).

[15] 17 U.S.C. § 504(c).

[16] *Id*. § 502(a).

[17] *Id*. § 505.

[18] *Gonzales* Memorandum Decision and Order at 4-25.

[19] Motion, docket no. 74, filed August 6, 2020.

[20] Motion, docket no. 74, filed August 6, 2020.

Default judgment shall enter in favor of Plaintiff and against Defendant James Brower. The default judgment shall include an award to Plaintiff of $750 in statutory damages and a permanent injunction enjoining Defendant James Brower from directly or indirectly infringing Plaintiff's copyright in the motion picture *Mechanic: Resurrection*. Plaintiff is also entitled to an award of its costs and reasonable attorney's fees, the amount of which shall be determined by subsequent motion.

IT IS FURTHER ORDERED that any motion for attorney's fees must be filed within 14 days after the default judgement's entry.

Signed January 11, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge